UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK TIGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC. and VERIZON PENNSYLVANIA LLC,<br><br>Defendants. | Case No. 2:23-cv-01618-NR<br><br>Judge J. Nicholas Ranjan |

**NOTICE OF PLAINTIFF'S CHANGE OF EMPLOYMENT**

Plaintiff Mark Tiger files this notice to inform the Court that he is no longer employed as a utility pole worker. Mr. Tiger chose to leave his profession and accept new employment in a different field because of his concerns about how ongoing occupational lead exposure by Verizon's abandoned lead cables might affect his health. Mr. Tiger's new job provides health insurance.

Mr. Tiger's change in profession does not moot his claim for medical monitoring necessitated by his past exposure to Verizon's lead cables. "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citations and quotations omitted). Plaintiffs are "not required to continue suffering the exact injury described in the complaint to maintain [his or] her entitlement to seek relief." *Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 481 (3d Cir. 2016). This Court remains able to remedy Mr. Tiger's past exposure to Verizon's toxic lead cables through a medical monitoring program that would defray any out-of-pocket medical expenditures necessitated by Verizon's lead cables. While Mr. Tiger's new health insurance may reduce such costs, it will not eliminate them.

Mr. Tiger's change of profession also does not moot his claims for prospective relief in the form of abatement of Verizon's toxic lead cable network. "[I]n the class action context, special mootness rules apply for determining at what point in time a named plaintiff must still have a personal stake in the litigation to continue seeking to represent a putative class action[.]" *Richardson v. Bledsoe*, 829 F.3d 273, 278–79 (3d Cir. 2016) (internal citations and quotations omitted). "One such special rule is commonly referred to as the 'relation back doctrine.'" *Id.* at 279. "This doctrine permits courts to relate a would-be class representative's (now moot) claim for relief back in time to a point at which that plaintiff still had a personal stake in the outcome of the litigation." *Id.* "[T]he relation-back doctrine may apply in Rule 23 cases where it is certain that other persons similarly situated will continue to be subject to the challenged conduct and the claims raised are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013) (internal citations and quotations omitted).

"A claim is inherently transitory not only if there *exists* no plaintiff who could both establish standing at the outset of litigation and retain an active stake by the time class certification is decided, but also if it would be difficult to identify *which* prospective plaintiff that would be at the time of filing." *Dunn v. Dunn*, 148 F. Supp. 3d 1329, 1340 (M.D. Ala. 2015) (emphasis original). "Whether claims are inherently transitory is an inquiry that must be made with reference to the claims of the class as a whole as opposed to any one individual claim for relief." *Amador v. Andrews*, 655 F.3d 89, 100 (2d Cir. 2011). There are many reasons that any individual member of the putative class in this case might cease to come in contact with Verizon's lead cables. They might, like Mr. Tiger, decide that the risks to their health are unacceptable and choose to leave

their job. They might be promoted or reassigned away from direct work with utility cables. They might be laid off or involuntarily separated from their employment. But even though any individual's situation may change, there is no doubt there is a continuing class of utility workers exposed to Verizon's lead cables. This is precisely the kind of situation the inherently transitory exception to traditional mootness principles in the class action context is designed to resolve.[1]

Dated: November 1, 2024                                    Respectfully submitted,

/s/ Scott. A George
Scott A. George
SEEGER WEISS LLP
325 Chestnut St., Suite 917
Philadelphia, PA 19106
Tel: 215-564-2300
sgeorge@seegerweiss.com

Christopher L. Ayers
Christopher A. Seeger
David Buchanan
Nigel Halliday
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: 973-639-9100
cayers@seegerweiss.com
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com
nhalliday@seegerweiss.com

Eric S. Dwoskin
DWOSKIN WASDIN LLP
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Tel: 561-849-8060
edwoskin@sdwowas.com

---

[1] In addition, courts sometimes rely on "expert evidence" to evaluate whether a claim is inherently transient. *Berry v. Hennepin Cnty.*, No. 20-CV-2189 (WMW/JFD), 2024 WL 358123, at *2 (D. Minn. Jan. 31, 2024). To the extent there is a dispute about whether Mr. Tiger's claim falls within the scope of this exception, it should be resolved after fact and expert discovery.

Nicholas F. Wasdin
DWOSKIN & WASDIN LLP
110 N. Wacker Dr.
Chicago, IL 60606
Tel: 312-343-5361
nwasdin@dwowas.com

<u>*/s/ D. Aaron Rihn*</u>
D. Aaron Rihn
ROBERT PEIRCE & ASSOCIATES, P.C.
PA Bar ID: 85752
707 Grant Street, Suite 125
Pittsburgh, PA 15219
Tel: 412-281-7229
arihn@peircelaw.com

*Counsel for Plaintiff*